IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Derrick Lashon Howell, #64482-019 | C/A No.: 4:24-7499-SAL |
| Petitioner, | |
| v. | **ORDER** |
| Warden Napier, | |
| Respondent. | |

Petitioner a federal inmate seeks habeas relief under § 2241. [ECF No. 1.] He specifically asks the court to direct the Bureau of Prisons ("BOP") to correctly apply First Step Act ("FSA") credits to his sentence. [ECF No. 1.] Alternatively, he asks the court to declare the provision governing FSA time credit eligibility unconstitutional. *Id.* at 1. This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III (the "Report"), made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) (D.S.C.). [ECF No. 12.] The Report finds that pursuant to 18 U.S.C. § 3584(c), Petitioner is not eligible to earn FSA time credits due to a disqualifying offense, and the BOP's aggregation of Petitioner's consecutive sentences was not improper. [ECF No. 12 at 7.] The Report recommends summary dismissal for failure to state a claim upon which relief can be granted. *Id.* Petitioner objects, ECF No.21, and this matter is ripe for ruling. For the reasons below, this court adopts the Report and dismisses the Petition.

## FACTUAL AND PROCEDURAL BACKGROUND

The Report details the relevant facts and standards of law, which the court adopts without a full recitation.[1] *See* ECF No. 12 at 2–6. Briefly, after pleading guilty to five criminal charges in the Northern District of Florida in 2013, Petitioner was sentenced to 180 months' imprisonment on four of the five charges and to a consecutive 48-month term of imprisonment for a firearm conviction under 18 U.S.C. § 924(c). *See id.* at 2. The Report explains that Petitioner's § 924(c) conviction renders him ineligible for FSA credits. *Id.*

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

---

[1] Petitioner did not object *specifically* to the magistrate judge's recitation of the factual background or legal standards.

2

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Petitioner is proceeding pro se, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The Report explains that Petitioner is ineligible for the relief he seeks due to his disqualifying conviction under § 924(c). [ECF No. 12.] Further, under the applicable statutes, Petitioner's 48-month sentence for his § 924(c) conviction cannot be separated from the entirety of his sentence, foreclosing him from receiving FSA credits for the entirety of his current sentence. *See id.* at 2–7.

Petitioner objects to the Report. He argues summary dismissal is inappropriate where there is "ambiguity in the BOP's interpretation of statutes 18 U.S.C. § 3584(c) and § 3632(d)(4)(D)(xxii)." [ECF No. 21 at 2.] Petitioner further argues that there are important public policy issues and disputed issues of fact and law to be addressed. *Id.* Petitioner urges that this court must determine whether the BOP acted in a manner that was arbitrary, capricious, or an abuse of discretion, as required by the Administrative Procedures Act ("APA"). *Id.* (citing *Loper Bright*

3

*Enterprises v. Raimondo*, 603 U.S. 369 (2024) (holding that a court need not, under the APA, defer to an agency's interpretation of the law simply because a statute is ambiguous)). Lastly, Petitioner questions the scope of the magistrate court's authority, claiming the Report ignores the issues of ambiguity. *Id.* Having thoroughly reviewed Petitioner's objections, the court agrees with the magistrate judge. The court addresses Petitioner's objections below.

### I.    Ambiguity of the Applicable Statutes

Although Petitioner alleges ambiguity in the interpretation of 18 U.S.C. §§ 3584(c) and 3632(d)(4)(D)(xxii), the interpretation and application of these statutes is both unambiguous and well-supported by case law. *See Mancillas v. Fed. Bureau of Prisons*, Civil Action No. SAG-22-2767, 2023 WL 5404229, at *5 (D. Md. Aug. 22, 2023) ("[E]ven when the sentence stemming from the § 924(c) conviction had been fully served day for day, it still acted as part of an aggregate sentence barring [the petitioner] from eligibility to earn [earned time credits]."); *see also Richardson v. Warden FCI Edgefield*, C/A No. 4:23-4770-DCC-TER, 2024 WL 1862195, at *5 (D.S.C. Feb. 8, 2024), *report and recommendation adopted* 2024 WL 1861555 (D.S.C. Apr. 29, 2024); *Banks v. King*, No. 5:22-HC-02164-M-RJ, 2023 WL 8242450, at *4 (E.D.N.C. Nov. 28, 2023).

As explained in the Report, under the FSA, eligible inmates may earn credits toward time to be served in pre-release custody or supervised release by completing evidence-based recidivism reduction programs. *See* 18 U.S.C § 3632(d)(4)(A). However, an inmate may not earn FSA credits if they are serving a sentence for any of the 72 disqualifying offenses specified in 18 U.S.C. § 3632(d)(4). It is beyond the authority of the BOP or this court to alter these statutory exclusions.

Furthermore, 18 U.S.C § 3584 specifies that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate

term of imprisonment." 18 U.S.C. § 3584(c). Therefore, an exclusion (ineligibility for FSA credits) resulting from a disqualifying offense applies to the entire incarceration period, not simply the individual terms. *See United States v. Bryant*, No. 3:04-CR-00047, 2023 WL 4355053, at *4 (W.D. Va. July 5, 2023) ("Because Bryant is serving his . . . sentence [for his disqualifying conviction] as part of a single, aggregate term of imprisonment, he is statutorily ineligible to receive FSA time credits."). Simply put, a disqualifying offense makes an inmate ineligible for FSA credits, and many courts have so found. Because Petitioner was convicted of violating § 924(c), which is a disqualifying offense under 18 U.S.C. § 3632(d)(4), he is ineligible for FSA credits. His objection is overruled.

## II.     Administrative Procedure Act

Petitioner also argues that, as required by the Administrative Procedure Act, the court should independently determine whether the BOP has acted arbitrarily, capriciously, or abused its discretion, while not deferring to the agency's previous decision. [ECF No. 21 at 2.] Petitioner relies on *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, where the Supreme Court held that courts must independently decide whether an agency has acted according to its statutory authority, and "courts need not and under the APA may not defer to an agency interpretation of the law simply because a statute is ambiguous." *Loper*, 603 U.S. at 413.

However, unlike *Loper*, the statutes at issue are not ambiguous. *See Purdy v. Carter*, No. CV BAH-24-582, 2024 WL 4651275, at *5 (D. Md. Nov. 1, 2024) (noting that the statute at issue must be somewhat ambiguous to implicate *Loper*). The statutes at issue lack ambiguity, and the magistrate judge's interpretation is well-supported by case law, including an unpublished opinion by the Fourth Circuit. *See McNeill v. Ramos,* No. 5:22-hc-02134-M-RJ (E.D.N.C. Apr. 12, 2023), *aff'd by* No. 23-6488, 2023 WL 6442551, at *1 (4th Cir. Oct. 3, 2023) (finding Petitioner in

violation of 18 U.S.C. § 924(c) ineligible for FSA credits due to the disqualifying offense, despite Petitioner having other potentially eligible offenses). Accordingly, Petitioner's objections are overruled.

## CONCLUSION

After a de novo review of the Report, the applicable law, and the record of this case, this court adopts and incorporates the Report, ECF No. 12, and finds that Petitioner failed to state a claim upon which relief can be granted. Accordingly, the Petition is **SUMMARILY DISMISSED WITHOUT PREJUDICE** and without requiring Respondent to file a return.

**IT IS SO ORDERED.**

August 11, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge

6